### JONES v. BENTON.

The compensation of a school fund commissioner, under the Code, § 1174, was allowed by the clerk, sheriff and attorney, at five hundred dollars per annum, but the superintendent of public instruction refused to approve the allowance for more than four hundred dollars per annum : held that the superintendent was authorised thus to limit and define his approval of the allowance.

### *Appeal from Jefferson District Court.*

*Opinion by* KINNEY, J. This was an amicable suit entered into by the plaintiff as school fund commissioner of Jefferson county, and the defendant as superintendent of public instruction for the state of Iowa. It appears that the plaintiff was school fund commissioner for the county of Jefferson for the years 1851 and 1852. He was allowed $500 00 salary for each year, by the clerk of the district court, sheriff and prosecuting attorney. Each of these allowances was affirmed by the superintendent, with a reduction of one hundred dollars for each year. The county officers refused to assent to the reduction, and the superintendent refused to affirm the whole amount allowed. The question submitted to the court below was, whether Jones was entitled to receive the two hundred dollars, so reduced by the superintendent from the amount allowed by the county officers. The court decided that he was not entitled to this amount, and gave judgment against him. From that he appeals to this court, and contends that the allowance so made by the clerk, prosecuting attorney and sheriff, was a reasonable allowance ; that said superintendent has no right, by law, to reduce the salary so fixed, but that his authority only extends to *approving* or *disapproving* the allowance so made. The decision of this question depends upon the construction to be given to section 1174 of the Code.

" The fund commissioners, from and after the first day of April, 1851, shall receive such annual compensation for their services and contingent expenses for books, postage and stationery, as may be allowed by the clerk of the district court, sheriff and prosecuting attorney, and approved by the superintendent of public instruction, to be paid out of the school fund."

Has the superintendent, under this section, the power to *approve* so much of said allowance as he shall deem reasonable, and disapprove the balance ; or must he approve it as an entirety, or reject it as such? If the latter construction prevails, then it would be in the power of the superintendent, and it would be his duty, in case the allowance was too much, to reject the same unconditionally, which would have the effect to keep the fund commissioners out of an amount to which they might be justly entitled. If, in the case before us, the superintendent had disallowed the whole amount, what remedy would or could the commissioner have ? Certainly none by. *mandamus*, if the position assumed be correct ; because the superintendent had acted, and, as counsel contend, acted according to law. Suppose he allowed the whole, then he was but a mere machine to approve what others had done, without exercising any discretion or judgment of his own. If the construction contended for by plaintiff be correct, then the superintendent *must* either *reject* or *approve* the whole. By doing the former, he necessarily becomes the unwilling instrument in the hands of the law, in preventing the commissioner from obtaining any pay, when in his opinion the allowance is too much ; and in doing the latter, he but adopts, without any discretion of his own, the action of the county officers. It seems to us that such was not the intention of the legislature. The superintendent is the guardian of the school fund. In him is confided the common school interests of the state. He is supposed to be well acquainted with the affairs of the subordinate school officers, and what would be a reasonable compensation to each fund commissioner. The ac-

4*

tion of the county officers for this purpose is *advisory;*
they agree upon the allowance, and report to him. It is
then for him to allow so much of this amount as in his
opinion will be a proper compensation. The amount thus
approved, whether concurred in by the county officers or
not, is the amount to which the fund commissioner is enti-
tled. This is what we understand to be the meaning of the
word "approved" in the section of the Code cited, and the
authority conferred upon the superintendent.

                                        Judgment affirmed.


*William Penn Clark*, for appellant.


*Slagle* and *Acheson*, for appellee.